**MCELROY, DEUTSCH, MULVANEY**
 **& CARPENTER, LLP**
1300 Mount Kemble Avenue
P.O. Box 2075
Morristown, NJ 07962
Tel: (973) 993.8100
Fax: (973) 425.0161

**BONDURANT MIXSON & ELMORE, LLP**
3900 One Atlantic Center
1201 West Peachtree St. NW
Atlanta, GA 30309
Tel: (404) 881.4100
Fax: (404) 881.4111
*Attorneys for Plaintiff*

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| HOME DEPOT U.S.A., INC, | ) |
| Plaintiff, | ) |
| v. | ) Civil Action No.: _____ |
| AL-KARAM USA INC., | ) |
| Defendant. | ) |

## COMPLAINT

Plaintiff, Home Depot U.S.A., Inc. ("Home Depot"), brings this action to enforce the terms of a Settlement Agreement ("Agreement") with Defendant Al-Karam USA Inc. ("Al-Karam"). To settle a dispute in 2021, Al-Karam agreed to replace certain defective goods and to pay six monthly installments to Home Depot. But Al-Karam made only half the settlement payments it promised. Now, more than a year later, Al-Karam still owes Home Depot three monthly payments.

#3397002v8

## THE PARTIES

1. Plaintiff Home Depot is a Delaware corporation with its principal place of business at 2455 Paces Ferry Road, Atlanta, GA 30339.

2. Defendant Al-Karam is a privately owned New York company with its principal place of business at 411 Fifth Avenue, 6th Floor, New York, NY 10016. Al-Karam may be served via its registered agent, Irfan Hassan, at 411 Fifth Avenue, Room 600, New York, NY 10016.

## JURISDICTION AND VENUE

3. This Court has subject-matter jurisdiction over the parties pursuant to 28 U.S.C. § 1332 because complete diversity exists, and the amount in controversy exceeds $75,000.

4. Home Depot is a citizen of Delaware and Georgia within the meaning and intent of 28 U.S.C. § 1332.

5. Al-Karam is a citizen of New York within the meaning and intent of 28 U.S.C. § 1332.

6. Accordingly, the parties are completely diverse for purposes of this Court's jurisdiction.

7. Home Depot's prayer for monetary damages as a result of Al-Karam's breaches of the Agreement exceeds $75,000.

8. The Court has personal jurisdiction over Al-Karam because it is incorporated and has its principal place of business in New York.

9. This Court is a proper venue pursuant to 28 U.S.C § 1391(b)(1) and (c)(2) because the Court has personal jurisdiction over Al-Karam and Al-Karam resides within this district.

#3397002v8

## FACTUAL ALLEGATIONS

10. Between January and February 2020, Home Depot entered into agreements to purchase various products from Al-Karam.

11. Between September and October 2020, Home Depot informed Al-Karam that certain products had failed Home Depot's product quality testing.

12. Effective January 7, 2021, Home Depot and Al-Karam entered into the Agreement to settle the dispute arising from the supply of those defective products to Home Depot.[1]

13. Under the Agreement, Al-Karam agreed to pay Home Depot a sum certain in six monthly installments.

14. Al-Karam timely made the first three monthly payments in January, February, and March 2021.

15. Al-Karam made these payments from New York and used funds from the Habib American Bank.

16. The Habib American Bank is "a New York State Chartered Bank" that is "[h]eadquartered in New York." *See* https://www.habbank.com/about-us.htm (last visited August 25, 2022).

17. Al-Karam then failed to timely make the final three payments that it owed on or before April 30, May 31, and June 30, 2021, respectively.

18. Although the specific amount of Al-Karam's missed payments and the resulting

---

[1] Because the Agreement includes a confidentiality term, Home Depot has not attached the Agreement to this Complaint. In the event of any dispute about the Agreement's contents or upon the Court's direction, Home Depot will confer with Al-Karam to resolve the confidentiality concerns so that the Agreement can be made part of the record or seek the Court's permission to file the Agreement under seal.

total amount due are confidential under the Agreement, that amount significantly exceeds $75,000.

19. Home Depot repeatedly requested that Al-Karam comply with its payment obligations. After more than a year, Al-Karam still has not paid the amount due.

20. On May 10, 2022, Home Depot's counsel sent a demand letter to Al-Karam, demanding that Al-Karam pay the outstanding balance no later than June 30, 2022.

21. To date, Al-Karam has failed to pay any portion of the remaining amount owed.

22. Al-Karam remains in breach of the Agreement as of the date of this filing.

## COUNT I
## BREACH OF CONTRACT

23. Home Depot incorporates and realleges the allegations of Paragraphs 1 through 22 as though they were restated herein.

24. Under the terms of the Agreement, Al-Karam agreed to pay Home Depot six monthly installments, between January 30 and June 30, 2021.

25. Al-Karam has failed to pay the installments due on or before April 30, May 31, and June 30, 2021, respectively.

26. Al-Karam's failure to pay the April 30, May 31, and June 30, 2021 installments constitutes a breach of the Agreement.

27. As a direct result of Al-Karam's breaches of the Agreement, Home Depot has suffered and will continue to suffer damages, and Al-Karam is liable to Home Depot for its failure to pay the monthly installments.

28. Home Depot is also entitled to pre-judgment interest on the unpaid amounts, which accrues at the applicable statutory rate. *See* N.Y. C.P.L.R. §§ 5001(a), 5004(a).

## **PRAYER FOR RELIEF**

Home Depot respectfully prays that it is entitled to:

A.  Judgment against Al-Karam and in favor of Home Depot;

B.  Compensatory damages in the full amount due under the Agreement;

C.  Pre- and post-judgment interest; and

D.  An award of such other further relief, including attorney's fees and costs, to which Plaintiff is entitled in law or equity, as this Court deems just and proper.

## **DEMAND FOR JURY TRIAL**

Plaintiff hereby demands a trial by jury on all issues so triable.

Dated: August 31, 2022

/s/ William N. Aumenta
William N. Aumenta
Charles Quinn
**MCELROY, DEUTSCH, MULVANEY & CARPENTER, LLP**
1300 Mount Kemble Avenue
P.O. Box 2075
Morristown, NJ 07962
Tel: (973) 993.8100
Fax: (973) 425.0161
waumenta@mdmc-law.com
cquinn@mdmc-law.com

Ronan P. Doherty
Fredric J. Bold, Jr.*
Eliza L. Taylor*
**BONDURANT MIXSON & ELMORE, LLP**
3900 One Atlantic Center
1201 West Peachtree St. NW
Atlanta, GA 30309
Tel: (404) 881.4100
Fax: (404) 881.4111
doherty@bmelaw.com
bold@bmelaw.com
taylor@bmelaw.com
*Attorneys for Home Depot U.S.A., Inc.*
*pro hac vice motions forthcoming*

#3397002v8