UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| HOME DEPOT U.S.A., INC, | )<br>)<br>) |
| Plaintiff, | )<br>) |
| v. | ) Civil Action No.: 1:22-cv-07447-JMF<br>)<br>) |
| AL-KARAM USA INC., | )<br>) |
| Defendant. | )<br>)<br>) |

**PLAINTIFF HOME DEPOT U.S.A., INC.'S MEMORANDUM OF LAW
IN SUPPORT OF MOTION FOR SUMMARY JUDGMENT**

Plaintiff Home Depot U.S.A., Inc. ("Home Depot") respectfully moves for summary judgment under Federal Rule of Civil Procedure 56. This is a simple breach-of-contract action. There is no genuine issue of fact that Defendant Al-Karam USA, Inc. agreed to pay six monthly installments to Home Depot and Al-Karam made only three of those payments. Because Al-Karam breached the parties' agreement, Home Depot is entitled to summary judgment on its sole claim in this case for breach of contract.

**STATEMENT OF FACTS**

In January 2021, Home Depot and Al-Karam entered into a written settlement agreement (the "Agreement").[1] The Agreement resolved a dispute over Home Depot's purchase of certain bedding products that failed Home Depot's product quality tests.[2] Under the Agreement,

---

[1] Home Depot's Statement of Material Facts ("SOMF") ¶ 1.
[2] *Id.*

- 1 -

Al-Karam agreed to pay Home Depot $411,000 in six monthly installments of $68,500.[3] Al-Karam made the first three monthly payments, although those payments were late.[4] But Al-Karam then failed to make the remaining three payments.[5]

In total, Al-Karam has failed to pay Home Depot $205,500 due under the Agreement.[6] On May 10, 2022, Home Depot's counsel sent letter demanding that Al-Karam pay the outstanding balance no later than June 30, 2022.[7] On May 27, 2022, Al-Karam responded and acknowledged "the delay in payment" and "the balance [of] $205K."[8] To date, and despite Home Depot providing ample additional time to pay, Al-Karam has failed to pay any portion of the $205,500 that it still owes to Home Depot.[9]

Home Depot therefore filed this action seeking to recover damages for Al-Karam's breach of contract. Al-Karam has now answered the Complaint, admitting that the parties had an agreement, that Al-Karam agreed to pay Home Depot $411,000 in six monthly installments, and that Al-Karam paid the first three installments.[10] Because there can be no factual dispute about the material facts regarding Al-Karam's breach and Home Depot's damages, Home Depot now moves this Court for summary judgment.

---

[3] *Id.* ¶ 2.
[4] *Id.* ¶ 3.
[5] *Id.* ¶ 4.
[6] *Id.* ¶ 5.
[7] *Id.* ¶ 6.
[8] *Id.* ¶ 7.
[9] *Id.* ¶ 9.
[10] ECF No. 17 ¶¶ 12–14.

# ARGUMENT

The Agreement unambiguously established Al-Karam's obligation to pay six monthly installments to Home Depot, and Al-Karam failed to make the final three payments, thereby breaching the Agreement.

In this diversity action, this Court applies New York's choice of law rules.[11] And under those rules, New York law applies to this contract dispute because Al-Karam is headquartered in New York and partially performed the Agreement in New York.[12] The elements of breach of contract under New York law are "(1) the existence of an agreement, (2) adequate performance of the contract by the plaintiff, (3) breach of contract by the defendant, and (4) damages."[13] Although this case has just begun, the pleadings and the available evidence confirm that Home Depot can prove—and Al-Karam cannot contest—all four elements.

---

[11] *See AEI Life LLC v. Lincoln Benefit Life Co.*, 892 F.3d 126, 132 (2d Cir. 2018) ("[A] federal court sitting in diversity jurisdiction applies the choice of law rules of the forum state.") (cleaned up).

[12] *See AIU Ins. Co. v. TIG Ins. Co.*, 934 F. Supp. 2d 594, 599-600 (S.D.N.Y. 2013) ("Where parties to a contract do not specify which state's law should apply, New York courts fill this gap by employing an approach known as 'grouping of contacts' or 'center of gravity'" under which the Court considers the place of performance and the domicile of the contracting parties, among others); *see also* ECF No. 17 ¶ 5 (admitting that "Al-Karam is a citizen of New York"); ECF No. 1 ¶ 5; ECF No. 17 ¶ 15 (admitting that "Al-Karam made these payments from New York"); ECF No. 1 ¶ 15.

[13] *Harsco Corp. v. Segui*, 91 F.3d 337, 348 (2d Cir. 1996). *Accord UWork.com, Inc. v. Paragon Techs., Inc.*, 740 S.E.2d 887, 893 (Ga. App. Ct. 2013) ("The elements for a breach of contract claim in Georgia are the (1) breach and the (2) resultant damages (3) to the party who has the right to complain about the contract being broken.").

First, because Al-Karam's Answer admits to the existence of an agreement between it and Home Depot, Home Depot has established the first element.[14]

Second, Home Depot has adequately performed its obligations under the Agreement. Al-Karam's Answer does not suggest any failure to perform by Home Depot, nor did Al-Karam file a counterclaim in this dispute. As for Home Depot's performance, the Agreement obligates Home Depot to "forever release, discharge, acquit, indemnify, and hold harmless" Al-Karam only after Home Depot receives "the sixth and final Installment Amount."[15] Because Al-Karam materially breached the Agreement by failing to pay final Installment Amount, Home Depot has not yet been obligated to release Al-Karam, and Al-Karam's material breach excused that performance.[16] Therefore, no genuine dispute exists as to the second element of Home Depot's breach-of-contract claim.

Third, there is no genuine dispute that Al-Karam breached the Agreement. Home Depot has submitted sworn testimony to confirm that Al-Karam failed to make the final three payments that it owed per the Agreement.[17] And in May 2022, Al-Karam admitted to its delay in payment

---

[14] ECF No. 17 ¶¶ 12-13 (admitting "Home Depot and Al-Karam entered into the Agreement to settle the dispute" and "Al-Karam agreed to pay Home Depot a sum certain in six monthly installments"); *see also* ECF No. 1 ¶¶ 12-13.
[15] SOMF ¶ 2.
[16] *See Wechsler v. Hunt Health Sys., Ltd.*, 330 F. Supp. 2d 383, 415 (S.D.N.Y. 2004) ("When one party commits a material breach, the other party is relieved, or excused, from its further performance obligations."); *see also ARP Films, Inc. v. Marvel Ent't Grp., Inc.*, 952 F.2d 643, 649 (2d Cir. 1991) ("[F]ailure to tender payment is generally deemed a material breach of a contract.").
[17] SOMF ¶ 4.

and the outstanding balance of approximately $205,000.[18] Given that uncontradicted evidence, Al Karam cannot rely on unsubstantiated denials to avoid summary judgment as to breach.

Last, Home Depot has suffered damages due to Al-Karam's breach, specifically the outstanding $205,500 that Al-Karam owes under the Agreement plus 9% interest.[19] Al-Karam therefore owes Home Depot interest from the date each of the final three installment payments were due under the Agreement (April 30, May 31, and June 30, 2021) through the date of this Court's judgment.[20]

Courts in New York routinely grant summary judgment on breach-of-contract claims where, as here, there is no dispute regarding the non-moving party's nonpayment.[21] For example, in *Infinity USA*, the court affirmed the grant of summary judgment to the plaintiff on its breach-of-contract claim where evidence showed (1) an "unambiguous contract between plaintiff and [defendant]" and (2) "[defendant's] failure to continue to make its monthly payments pursuant

---

[18] *Id.* ¶ 7.
[19] Home Depot is entitled to an award of prejudgment interest on the principal amount. *See Graham v. Jones*, 144 F.3d 229, 239 (2d Cir. 1998) ("Under New York law, 'prejudgment interest is normally recoverable as a matter of right in an action at law for breach of contract'"); *see also* N.Y.C.P.L.R. §§ 5001, 5004 (establishing that "[i]nterest shall be recovered upon a sum awarded because of a breach of performance of a contract…at the rate of nine per cent per annum"); *Koch v. Greenberg*, 14 F. Supp. 3d 247, 285 (S.D.N.Y. 2014) (noting that prejudgment interest in breach-of-contract cases is "mandatory" under New York law).
[20] *See Utica Mut. Ins. Co. v. Century Indemn. Co.*, 419 F. Supp. 3d 449, 455 (N.D.N.Y. 2019) (quoting *Ely-Cruikshank Co. v. Bank of Montreal*, 615 N.E.2d 985 (N.Y. 1993) ("Where, as here, the cause of action is for breach of contract, the claim 'accrues at the time of the breach.'").
[21] *See, e.g.*, *Daiichi Seihan USA v. Infinity USA, Inc.*, 214 A.D.2d 487, 488 (N.Y. 1995) (affirming summary judgment on breach-of-contract claim); *Nissan Motor Acceptance Corp. v. Scialpi*, 83 A.D.3d 1020 (N.Y. 2011) (affirming summary judgment on breach-of-contract claim); *Municipal Cap. Appreciation Partners, I, L.P. v. Page*, 181 F. Supp. 2d 379, 395 (S.D.N.Y. 2002) (granting summary judgment where defendants' "failure to pay the over five million dollars owed….constitute[d] a material breach" of the parties' settlement agreement).

to said contract."[22] Likewise, in *Scialpi*, the appellate court agreed that the plaintiff had a "prima facie entitlement to judgment as a matter of law" where it submitted proof of (1) the contracts at issue and (2) "the defendants' failure to make the payments provided for by their terms."[23] The same is true here: (1) the Agreement unambiguously establishes Al-Karam's contractual obligation to make six monthly installment payments, and (2) Al-Karam did not pay the final three installments.[24] The Court therefore can and should grant Home Depot summary judgment on its sole breach-of-contract claim.

## CONCLUSION

This case is a simple breach-of-contract action. Al-Karam agreed to pay Home Depot six monthly installments. Al-Karam failed to make the final three payments. These uncontested facts establish that Al-Karam breached the Agreement and the measure of Home Depot's damages for that breach. Accordingly, Home Depot respectfully requests that the Court grant its Motion for Summary Judgment.

Dated: November 9, 2022.

Respectfully submitted,

*/s/ Eliza L. Taylor*
William N. Aumenta
waumenta@mdmc-law.com
Charles Quinn
cquinn@mdmc-law.com
**McElroy, Deutsch, Mulvaney & Carpenter, LLP**

---

[22] *Daiichi Seihan USA*, 214 A.D.2d at 488.
[23] *Nissan Motor Acceptance Corp.*, 83 A.D.3d at 1020.
[24] SOMF ¶¶ 2-4.

1300 Mount Kemble Avenue
Morristown, NJ 07962
Tel: (973) 425.4172
Fax: (973) 425.2075

Ronan P. Doherty
doherty@bmelaw.com
Frederic J. Bold, Jr. (*admitted pro hac vice*)
bold@bmelaw.com
Eliza L. Taylor (*admitted pro hac vice*)
taylor@bmelaw.com
**Bondurant Mixson & Elmore, LLP**
3900 One Atlantic Center
1201 West Peachtree Street, N.W.
Atlanta, Georgia  30309
404-881-4100

***Attorneys for Home Depot U.S.A., Inc.***

**CERTIFICATE OF SERVICE**

I hereby certify that on November 9, 2022, I electronically filed the foregoing **PLAINTIFF HOME DEPOT U.S.A., INC.'S MEMORANDUM OF LAW IN SUPPORT OF MOTION FOR SUMMARY JUDGMENT** with the Clerk of Court using the CM/ECF system, which will automatically send e-mail notification of such filing to the attorneys of record for all parties.

*/s/ Eliza L. Taylor*
Eliza L. Taylor
